UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 JUN 29 AM 9: 54

CARL D. PALMORE,

    Plaintiff,

vs.                                            CASE NO.: CV-01-J-783-S

FIRST UNUM, et. al.,

    Defendants.

ENTERED
JUN 2 9 2001

**MEMORANDUM OPINION**

    This cause comes before this court on the defendant Unum Life Insurance Company of America's ("Unum") motion for partial judgment on the pleadings and to strike jury demand (doc. 8). The defendant submitted a brief in support of its motion, to which the plaintiff has responded (doc. 10).

    This case was originally filed in the Circuit Court of Jefferson County, Alabama, alleging breach of contract, bad faith, ERISA violation, equitable estoppel, promissory estoppel and also requesting declaratory judgment. The defendants removed the case to this court claiming the plaintiff seeks to recover benefits arising out of and related to an ERISA welfare benefit plan – more specifically a disability insurance policy issued by defendant Unum – thus causing the plaintiff's claim to be preempted by ERISA. Notice of Removal (doc. 1) at ¶ 4.

    The defendant's motion for partial judgment on the pleadings asserts that it is entitled to judgment in its favor on all of the plaintiff's claims except for the claim alleging violation

1

11

of ERISA, and further that the plaintiff's jury demand must be stricken. In support of its arguments, the defendant asserts that the opinion of this court in *Gilbert v. Alta Health & Life Ins. Co.*, 122 F.Supp.2d 1267, 1273 (N.D.Ala.2000), is simply wrong.

## FACTUAL BACKGROUND

The plaintiff was employed by non-party Reliance Electrical Company for approximately sixteen years. Complaint at ¶ 1. Due to on the job exposure to numerous harmful substances, the plaintiff now suffers from various debilitating conditions. Complaint at ¶ 2. The plaintiff applied for and received benefits under a long term disability plan which was provided by his employer and administered by defendant Unum. Complaint at ¶ 3. The plaintiff alleges that the benefits under the long term disability plan were wrongfully terminated in December, 2000. Complaint at ¶ 5.

## LEGAL ANALYSIS

The defendant argues that the plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA). The plaintiff essentially argues that the defendant is wrong. The court agrees with the defendant that it is entitled to judgment in its favor on the plaintiff's claims for breach of contract (Count I), equitable estoppel (Count IV), promissory estoppel (Count V), and declaratory judgment (Count VI). The court disagrees with the defendant's argument that the plaintiff's state law claim for bad faith refusal to pay benefits (Count II) is preempted by ERISA, as explained below.

ERISA preempts state laws "insofar as they may . . . relate to any covered employee benefit plan." 29 U.S.C. §1144(a). An "employment benefit plan" is "(1) a plan, fund or

program (2) established or maintained (3) by an employer ... (4) for the purpose of providing ... benefits ... (5) to participants or their beneficiaries." *Donovan v. Dillingham,* 688 F.2d 1367, 1371 (11th Cir. 1982).

The defendant argues that this court's opinion in *Gilbert v. Alta Health and Life Insurance Company,* 122 F.Supp.2d 1267 (N.D.Ala. 2000) and, assumably, the Honorable William Acker's opinion in *Hill v. Blue Cross Blue Shield of Alabama,* 117 F.Supp.2d 1209 (N.D.Ala.2000) were incorrectly decided.[1] Both of these cases are based on the ERISA savings clause found in 29 U.S.C. §1144 (b)(2)(A). According to 29 U.S.C. §1144 (b)(2)(A): "[N]othing in this sub-chapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance ...." This court has previously determined that Alabama's tort of bad faith refusal to pay benefits, codified in Ala. Code §27-12-24, is a law "which regulates insurance." *See Gilbert,* 122 F.Supp.2d at 1272; citing *Unum Life Insurance Company v. Ward,* 526 U.S. 358, 119 S.Ct. 1380 (1999).

In *Unum Life Insurance Company v. Ward,* 526 U.S. 358, 119 S.Ct. 1380 (1999), the Supreme Court continued to recognize ERISA's savings clause. Following *Ward,* other courts have found that a state bad faith cause of action is exempt from ERISA preemption if limited to the insurance industry. *Hill v. Blue Cross Blue Shield of Alabama,* 117 F.Supp.2d at 1211-12; *Lewis v. Aetna U.S. Healthcare,* 78 F.Supp.2d 1202 (N.D.Okla.

---

[1]The *Gilbert* case is currently on appeal before the United States Court of Appeals for the Eleventh Circuit (docket number 01-10829 G).

1999). This is a logical result[2] due to the *Ward* Court indicating that such laws fall within the ERISA savings clause:

> We discussed this issue in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). That case concerned Mississippi common law creating a cause of action for bad faith breach of contract, law not specifically directed to the insurance industry and therefore not saved from ERISA preemption.

119 S.Ct. at 1390 n.7. This court finds that the Alabama cause of action for bad faith refusal to pay benefits falls within the ERISA savings clause and is not preempted by ERISA.

Defendant Unum takes issue with each of the points on which this court has previously relied when addressing the very issue of whether, under Alabama law, a claim for bad faith refusal to pay insurance benefits is preempted by ERISA. The court has reexamined its analysis in *Gilbert* and considered the defendant's arguments, and concludes that the defendant's arguments are unpersuasive.

### The *Ward* Decision

The defendant spends at least four pages of its brief discussing the *Ward* case, *supra*. The defendant recognizes that the *Ward* Court held that California's notice-prejudice rule regulated insurance as a matter of common sense, unlike the Mississippi statute addressed in the prior Supreme Court opinion of *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). The defendant then concludes that the Court in *Ward* applied the same analytical framework

---

[2]The Court anticipated this result. "We recognize that applying the States' varying insurance regulations creates disuniformities for 'national plans that enter into local markets to purchase insurance.' . . . As we have observed, however, '[s]uch disuniformities . . . are the inevitable result of the congressional decision to 'save' local insurance regulation.'" *Ward*, 119 S.Ct. at 1390 n.6 (internal citations omitted).

used in *Pilot Life* to a completely different regulation in a completely different state and reached a completely different result. This court finds that the defendant's point in this lengthy analysis must be the conclusion that the same standards applied to different regulations will reach different results. The court agrees wholeheartedly with this conclusion. In fact, the court followed this very analysis in its *Gilbert* decision, and concluded that when the analysis in *Pilot Life* and *Ward* was applied to the Alabama statute allowing a bad faith claim against insurers, that analysis did not mandate preemption under ERISA.

The significant impact of *Ward* was not that it created new law, but rather that it much more forcefully stated what the law is, in light of the savings provision of ERISA. The *Ward* decision makes clear that not every regulation, statute or law which could feasibly impact ERISA claims is preempted by ERISA.[3] Following the analysis in *Ward*, this court again finds that the Alabama tort of bad faith, by its very terms, "is directed specifically at the insurance industry and is applicable only to insurance contracts." *Ward*, 119 S.Ct. at 1386. In fact, it applies only to the insurance industry, and creates damages that can only be

---

[3] In light of the *Ward* decision, this court finds the Eleventh Circuit case of *Belasco v. Wilson & Sons* to be called into doubt. In that case, the Court states, without explanation, "the Alabama law of bad faith appears to have the same roots 'in the general principles of ... tort and contract law.'" *Belasco*, 833 F.2d 277, 281 (11th Cir.1987). Given that no analysis was undertaken by the Court, as was done in the *Pilot Life/Ward* cases, this court finds that *Belasco* does not provide this court direction for undertaking a preemption analysis. The court finding that *Ward* seems to require such analysis, the court finds that *Belasco's* holding, without more, does not provide specific, compelling precedent for this court to follow. Similarly, in *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999) the Court just stated that bad faith claims were preempted under *Pilot Life* without ever engaging in the *Pilot Life/Ward* analysis.

claimed when an insurer fails to pay an insurance claim. As the Court in *Ward* noted concerning the California notice-prejudice rule, the Alabama bad faith cause of action is "firmly applied to insurance contracts, not a general principle guiding the a court's discretion in a range of matters." *Id*. at 1388.

> Considering the McCarran-Ferguson factors, the Court in Ward stated that:
>
> we reject UNUM's assertion that a state regulation must satisfy all three McCarran-Ferguson factors on order to 'regulate insurance' under ERISA's savings clause. Our precedent is more supple that UNUM conceives it to be. We have indicated that the McCarran-Ferguson factors are "considerations [to be] weighed" in determining whether a state law regulates insurance ... and that '[n]one of these criteria is necessarily determinative in itself.

*Ward*, 119 S.Ct. at 1389 (internal citations omitted). The Court goes on to state that it has "repeatedly held that state laws mandating insurance contract terms are saved from preemption under § 1144(b)(2)(A)." *Id.* at 1390.

### § 27-12-24, Alabama Code 1975

Defendant asserts that this court's opinion in *Gilbert* is simply incorrect in its assertion that Alabama codified its common law tort of bad faith when it passed the Alabama Insurance Trade Practices Act. Defendant states that this cause of action "was first recognized as a viable cause of action in the Alabama Supreme Court's decision in *Chavers v. National Security Fire & Cas. Co.*, 405 So.2d 1 (Ala.1981), based on the implied covenant of good faith and fair dealing contained in every contract." The defendant continues that § 27-12-24 "could not be a codification of that common law remedy because it was passed by the legislature in 1971, ten years before *Chavers*, and it has not been amended since that

6

time." The court finds this argument to be largely irrelevant, although the court is compelled to point out that even a cursory reading of *Chavers* reveals that the Court there cited *Waters v. Amer. Caus. Co.*, 261 Ala. 252, 73 So.2d 524 (Ala.1954) for the proposition that "bad faith is the intentional failure by the insurer" to act in good faith, which duty is implied by law. That case was decided seventeen years before § 27-12-24 was enacted.[4]

The court's point in undertaking this analysis in *Gilbert* was that the tort for such bad faith refusal to pay claims is codified within the "insurance" title of the Alabama Code. Similarly, the court pointed out in *Gilbert*, and will do so again here, that the Alabama Jury Pattern Instructions for bad faith claims are within the "insurance" chapter.[5] See APJI Civil 20.37.

ERISA § 502(a), 29 U.S.C. § 1132(a)

The defendant argues that this court has failed to recognize the preemptive force of § 502(a) of ERISA, relying on *Pilot Life,* 481 U.S. at 52. *See* defendant brief at 11. The defendant argues that allowing state law causes of action alleging the improper processing of claims for benefits under an ERISA-regulated plan would conflict with congressional intent to create an exclusive, comprehensive civil enforcement scheme under ERISA. The

---

[4]Similarly, the defendant feels compelled to point out to this court that *American Cast Iron Pipe Co. v. Williams*, 591 So.2d 854 (Ala.1991) relied on prior case law of this state. Defendant's brief at n. 7. *American Cast Iron Pipe Co.* contains a recent pronouncement by the Alabama Supreme Court that it has consistently refused to extend to the area of general contract law the tort of bad faith that is recognizes in the contract of insurance policy cases. *Id* at 857.

[5]The court also notes that the language which is contained in the introduction to this jury charge follows the language which appears in the 1954 *Waters* case.

7

court finds such argument unpersuasive when related to claims for bad faith failure to pay benefits. This cause of action does not create an alternative mechanism for seeking benefits under a plan. Rather, it is a remedy for the failure to pay benefits and does not create a means to get benefits paid. In fact, bad faith claims solely provide a mechanism for punishment for the refusal to pay a legitimate claim, damages for such a claim do not include the actual payment of benefits. Thus, this court finds the defendant's argument concerning the preemptive effect of § 502(a) to be unpersuasive.

The Court in *Butero v. Royal Maccabees Life Ins. Co.*, also states that for superpreemption to exist under 29 U.S.C. § 1132(a), four elements must be satisfied: 1) a relevant ERISA plan; 2) the plaintiff must have standing to sue under that plan; 3) the defendant must be an ERISA entity; and 4) the complaint must seek compensatory relief akin to that available under § 1132(a). *Butero*, 174 F.3d 1207, 1212 (11th Cir. 1999). Because no relief akin to the Alabama bad faith tort remedy is available under §1132(a), the court finds super preemption inapplicable.[6]

Similarly, this court finds the defendant's argument that this court should not have relied on the District Court opinion of *Lewis v. Aetna U.S. Healthcare*, 78 F.Supp.2d 1202 (N.D.Okla.1999) because a District Court opinion from Louisiana did not follow the same reasoning, to be unpersuasive. *See* defendant's brief at 14.

---

[6]Damages recoverable for bad faith refusal to pay include mental stress or economic loss suffered as the direct result of the defendant's refusal to pay. APJI 20.39. Punitive damages are also recoverable. Clearly, under 29 U.S.C. § 1132(a), only benefits available under the plan are recoverable, which are not recoverable under APJI 20.39.

## CONCLUSION

The court thus finds that the plaintiff's state law claims for breach of contract, equitable estoppel, promissory estoppel and declaratory judgment are preempted by ERISA. The court further finds that the plaintiff's state law claim for bad faith is not preempted by ERISA. It is therefore **ORDERED** by the court that the defendant's motion for partial judgment on the pleadings (doc. 8) be and hereby is **GRANTED IN PART and DENIED IN PART.** It is **GRANTED** with respect to Counts I, IV, V and VI of the plaintiff's complaint and **DENIED** as to Count II of the plaintiff's complaint. The defendant's motion to strike jury demand is **DENIED** as the court finds the plaintiff entitled to a jury trial on the issue of bad faith.

**DONE** and **ORDERED** this the 28 day of June, 2001.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE